UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY, <br> an individual, <br>        Plaintiff, <br> vs. <br> PIKE PLAZA BDR, LLC, <br> an Indiana Limited Liability Company, <br> and <br> DAVID GTO, LLC, <br> an Indiana Limited Liability Company, <br>        Defendants. | CASE NO.: 1:17-cv-00784 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues PIKE PLAZA BDR, LLC, an Indiana Limited Liability Company, and DAVID GTO, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis[1].

6. Defendant, PIKE PLAZA BDR, LLC, (hereinafter referred to as "Pike" or collectively as "Defendants"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Pike is the owner, lessee, and/or operator of the real property and improvements, a retail strip center, which is the subject of this action, to wit: the "Property," known as Pike Plaza, generally located at 5046 W. Pike Plaza Rd., Indianapolis, IN 46254. Pike is responsible for complying with the obligations of the ADA.

7. Defendant, DAVID GTO, LLC, (hereinafter referred to as "David" or collectively as "Defendants"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Defendant is the owner, lessee, and/or operator of the real property and improvements, a retail strip center, which is the subject of this action, to wit: the "Property," known as Pike Plaza, generally located at 5210 W. Pike Plaza Rd., Indianapolis, IN 46254. David is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE

---

[1] Mr. Tooley is capable of walking very short distances without assistance on good days.

## AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, a strip shopping center which is made up of property owned by both named defendants, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property. MR. TOOLEY plans to return to the Property in the near future for his shopping and dining needs.

12. While at the property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

   A. Plaintiff encountered inaccessible parking spaces throughout the Property due to excessive slopes in the spaces, lack of and improperly placed signage, and pavement in disrepair.

      B.      Additionally, many of the disabled use parking spaces throughout the Property lack access aisles or only provide inadequately narrow access aisles.

      C.      Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive running slopes, steep side flares, a failure to provide smooth transitions and pavement in disrepair.

      D.      Plaintiff encountered inaccessible sidewalk routes throughout the Property due to pavement in disrepair and where the route crosses curb ramps with excessive side flares slopes.

15.    Plaintiff has visited the entire premises described herein and encountered numerous barriers throughout.  The barriers described above represent a sample of said barriers to access.  Only after a full inspection is performed by an expert can all barriers be readily identified and catalogued.

16.    Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: March 15, 2017.

Respectfully Submitted,

KU & MUSSMAN, P.A.

By: <u>*Louis I. Mussman*</u>          .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd. Ste. 209-A
Pembroke Pines FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com

*Attorneys for Plaintiff*